# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

───────────────

**No. ACM S32635 (f rev)**

───────────────

**UNITED STATES**
*Appellee*

**v.**

**Spencer L. KILCREASE**
Senior Airman (E-4), U.S. Air Force, *Appellant*

───────────────

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 8 February 2021

───────────────

*Military Judge:* Elizabeth M. Hernandez.

*Sentence:* Sentence adjudged 18 November 2019 by SpCM convened at Maxwell Air Force Base, Alabama. Sentence entered by military judge on 23 December 2019 and reentered on 18 November 2020: Bad-conduct discharge, confinement for 130 days, reduction to E-1, and a reprimand.

*For Appellant:* Major Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

Judge MEGINLEY delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

───────────────

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

───────────────

MEGINLEY, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; one specification of communicating a threat, in violation of Article 115, UCMJ, 10 U.S.C. § 915; and one specification of aggravated assault, in violation of Article 128, UCMJ, 10 U.S.C. § 928.[1]

As part of his plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. As such, the provisions outlined in Rule for Courts-Martial (R.C.M.) 705, *Plea agreements* and R.C.M. 1002(d)(2), *Sentencing determination*, applied to Appellant's case.[2] On 18 November 2019, the military judge sentenced Appellant to a bad-conduct discharge, a total of 130 days of confinement, reduction to the grade of E-1, and a reprimand. Appellant was credited with 69 days against his sentence for time served in pretrial confinement. On 23 December 2019, the convening authority decided to take no action on Appellant's sentence and the military judge signed the entry of judgment (EoJ) the same day.[3]

Appellant raised two assignments of error (AOE) relating to the post-trial processing in his case: (1) whether Appellant's record should be returned for

---

[1] All offenses occurred after 1 January 2019. Thus, all references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial*, *United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's court-martial and post-trial processing.

[2] *See* Exec. Order 13,825, §§ 5 and 10, 83 Fed. Reg. at 9890–91. As part of his plea agreement, Specification 2 of Charge III was withdrawn and dismissed. The parties agreed that to Charge I and its Specification, the maximum amount of confinement Appellant would serve was 90 days, for Charge II and its Specification, 180 days, and for Charge III, Specification 1, 180 days. The minimum amount of confinement for each charge was zero (0) days confinement. Appellant received 15 days, 100 days, and 130 days for each charge, respectively. The intent of the parties regarding adjudged confinement was that any sentence to confinement would be served concurrently.

[3] Appellant was found guilty of charges and specifications that alleged the commission of offenses on or after 1 January 2019. Articles 60a and 60b, UCMJ, 10 U.S.C. §§ 860a, 860b, and R.C.M. 1109 and 1110, applied to the convening authority's decision on action. *See* Exec. Order 13,825, §§ 3 and 5, 83 Fed. Reg. at 9890 (8 Mar. 2018).

correction of the Statement of Trial Results and EoJ, and (2) whether the Government's post-trial delay entitles Appellant to sentence appropriateness relief.[4]

Regarding Appellant's first AOE, by order of this court on 9 November 2020, we remanded Appellant's record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the EoJ. *United States v. Kilcrease*, No. ACM S32635, 2020 CCA LEXIS 407 (A.F. Ct. Crim. App. 9 Nov. 2020) (order). On 18 November 2020, the military judge corrected the EoJ and the record of trial was returned to this court the next day. We have reviewed the corrections made to the EoJ and those corrections comply with this court's order. As such, we find this issue has been resolved. Appellant did not submit any additional filings with this court.

Regarding Appellant's second AOE, we find no error prejudicial to the substantial rights of Appellant, and we affirm the findings and sentence.

## I. DISCUSSION

Appellant argues he is entitled to relief because his case was not docketed with this court within 30 days of the convening authority's Decision on Action. In *United States v. Moody-Neukom*, this court addressed issues regarding entries of judgment in place of the convening authority's action[5] and how future post-trial processing will be analyzed under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006):

> In *Moreno*, the [United States Court of Appeals for the Armed Forces (CAAF)] identified thresholds for facially unreasonable delay for particular segments of the post-trial and appellate process. *Id*. at 141–43. Specifically, the CAAF established a pre-

---

[4] Appellant personally raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[5] The EoJ has the significance that action once had, and a convening authority is not required to act on the findings, R.C.M. 1110(e)(1)–(2), or the sentence, R.C.M. 1109(c)(5)(A), (g)(2); R.C.M. 1110(c), (e)(3).

> The entry of judgment takes the place of action by the convening authority under the former procedures in the sense that it terminates the trial proceedings and initiates the appellate process. R.C.M. 1111(a)(2). After the military judge enters the judgment, the court reporter prepares and certifies the record of trial and attaches additional matters to the record for appellate review. R.C.M. 1112(c), (f).

*Moody-Neukom*, 2019 CCA LEXIS 521, at *3–4.

sumption of facially unreasonable delay where the convening authority did not take action within 120 days of the completion of trial, where the record was not docketed with the court of criminal appeals within 30 days of the convening authority's action, or where the court of criminal appeals did not render a decision within 18 months of docketing. *Id.* at 142.

No. ACM S32594, 2019 CCA LEXIS 521, at *4 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.). However, as we recently noted in *United States v. Livak*,

> [d]epending on the length and complexity of the record involved, we can envision cases in which the court reporter is still transcribing the proceedings after the convening authority's decision. As such, the prior 30-day period from action to docketing, which primarily involved transmitting an already-completed [record of trial] to the Court of Criminal Appeals, now overlays substantive actions such as completing the preparation of the record.

80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020). Additionally, this court held:

> [T]he specific requirement in *Moreno* which called for docketing to occur within 30 days of action no longer helps us determine an unreasonable delay under the new procedural rules. However, we can apply the aggregate standard threshold the majority established in *Moreno*: 150 days from the day [the a]ppellant was sentenced to docketing with this court. *See Moreno*, 63 M.J. at 142. This 150-day threshold appropriately protects an appellant's due process right to timely post-trial and appellate review and is consistent with our superior court's holding in *Moreno*.

*Id.* at 633 (footnote omitted).

Considering *Livak*, we review the dates of the post-trial processing in Appellant's case. Appellant's trial concluded on 18 November 2019. The Defense submitted clemency matters on 18 December 2019, after requesting and receiving an additional 20 days to submit such matters. The convening authority effectuated the sentence by his decision on action on 23 December 2019, and the military judge signed the EoJ the same day. The court reporter certified the record of trial on 31 December 2019. The record was docketed with this court on 23 January 2020. From the convening authority's decision on action to the docketing of Appellant's case with this court, 31 days passed. From the conclusion of trial to the docketing of Appellant's case with this court, 66 days passed, which is substantially less than the 150 days for a threshold showing of facially unreasonable delay that we announced in *Livak*, where 82 days

passed. *See Livak*, 80 M.J. at 634. Thus, we find no facially unreasonable delay occurred and no violation of the Appellant's due process rights.

Assuming *arguendo* that there was a facially unreasonable delay, we have assessed whether there was a due process violation by considering the four factors the CAAF identified in *Moreno*: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review and appeal; and (4) prejudice [to the appellant]." *Moreno*, 63 M.J. at 135 (citations omitted). We have also considered that where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). We discern no prejudice, and we find no violation of Appellant's due process rights.

In the absence of a due process violation, we consider whether relief for excessive post-trial delay is warranted and consistent with this court's authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d). *See United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). Having considered the entire record, and the particular facts and circumstances of this case, we find Appellant is not entitled to relief on this issue.

## II. CONCLUSION

Upon further review, the findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court